PATTERSON, Judge.
The appellant, James Joseph Huff, was charged along with his father, James John Huff, with RICO violations, conspiracy to commit RICO, organized scheme to defraud, first-degree grand theft, grand theft, sale of securities by an unregistered dealer, sale of unregistered securities, and fraud in the sale of unregistered securities. He was convicted of all but one count. Since there was insufficient evidence to support the appellant’s convictions, we reverse.
The appellant’s father was the president of Ashley Financial Corporation (Ashley). The appellant was an employee of Ashley, which was in the business of developing apartment buildings and affordable housing in Collier County. Ashley attracted investors by advertising a rate of return of 18% to 21%. The investment was to be secured by first mortgages on the property to be developed. The state characterized the investment as “fractionalized mortgages” since several investors would jointly hold a single mortgage. The office of the state comptroller determined that these investments were securities *745 and directed that Ashley stop selling the mortgages because Ashley did not register the securities and did not employ a person licensed to sell securities.
Edward Horton, Ashley’s salesperson, carried on the day-to-day contact with potential investors and consummated the sales. The appellant was essentially an errand boy for Ashley and was not involved in direct solicitation or sales. Horton, who was also charged in the information, entered into a plea agreement and testified against the appellant and his father.
At the close of the case, the appellant moved for a judgment of acquittal, which was denied. This was error. Having scoured the record, we cannot find sufficient evidence upon which the jury could convict the appellant. Notably, Horton, who was the prosecution’s star witness, could not implicate the appellant in a single specific criminal episode. The motion should therefore have been granted.
Reversed and remanded with instructions that the appellant be discharged.
FRANK, C.J., and ALTENBERND, J., concur.